S. M. GOLDSTEIN & CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 7762.    Promulgated June 29, 1929.

*Wm. Surosky, Esq.*, and *Andrew C. Frommelt, C. P. A.*, for the petitioner.

*B. M. Coon, Esq.*, and *C. R. Marshall, Esq.*, for the respondent.

## OPINION.

SMITH: The petitioner bases its claim for special assessment for the taxable year 1919 on the alleged inadequacy of salaries paid to officers and the abnormal amount of credit extended to it on account of the individual endorsements of its officers.

The facts above set forth, which are all that we are able to find from the record before us in so far as material to the issues presented, fail entirely to support the petitioner's claim. We can find in the evidence no proof of any abnormality affecting either capital or income which would entitle the petitioner to the relief sought. So far as we are able to determine, the compensation paid to S. M. Goldstein and A. M. Steiner was ample for the services rendered by them. We have no very definite knowledge of just what their services consisted. The evidence does not show whether there were any services performed by other officers.

It appears from the evidence that S. M. Goldstein did lend his individual endorsement to some of the financial obligations incurred by the petitioner during the year 1919, but no specific instance has been proven. We do not know the extent or nature of the obligations or the value to the petitioner of the endorsements by the officers.

Two of the witnesses, S. M. Golstein and A. M. Steiner, both officers of the petitioner, upon whom subpoenas *duces tecum* were served on motion of respondent, failed to produce the petitioner's books and records called for. Their oral testimony, especially that

of S. M. Goldstein, who was in the position to best furnish the facts relating to the conduct of the petitioner's business, was particularly uninformative. The information contained in our findings of fact was gained principally from the stipulations of counsel, the petitioner's tax return for the year in question, and the revenue agent's report, which was admitted in evidence for a limited purpose only. Upon the evidence adduced the petitioner's claim for special assessment is denied.

With respect to respondent's affirmative allegation that petitioner's income for the year 1919 has been understated in the manner above described by the amount of $12,497.62, we think that the evidence establishes that certain of the petitioner's employees had agreed with the petitioner prior to the close of the taxable year 1919 to pay a proportionate part of its 1919 tax out of their compensation for that year, and that the amount of $12,497.62, representing the agreed portion of the petitioner's taxes, was charged to the employees in the petitioner's books and was reported by the petitioner as income in the year 1920. The specific contracts were among the records and papers called for in the subpoena *duces tecum* above mentioned, which the witnesses stated they were unable to find. However, the witness, S. M. Goldstein, admitted upon cross-examination that there were probably such contracts. It is stipulated that the amount of $12,497.62, representing a percentage of the petitioner's 1919 tax, was charged to the employees' accounts and reported by the petitioner as income in the year 1920. We think that the respondent has sustained the burden of proof with respect to these facts. The petitioner kept its accounts and made its returns on the accrual basis. Under these circumstances the amount in question constituted taxable income to the petitioner in the year 1919. *Old Colony Trust Co.* v. *Commissioner*, 279 U. S. 716.

*Judgment will be entered under Rule 50.*